UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRIAN WHITAKER,

    Plaintiff,

    v.

MARSO LLC,

    Defendant.

Case No. 21-cv-03711-PJH

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

Re: Dkt. No. 12

Before the court is defendant's motion to dismiss plaintiff's complaint. The matter is fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for October 7, 2021, is VACATED. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby rules as follows.

**I.    BACKGROUND**

As alleged in the complaint, plaintiff Brian Whitaker "is a California resident with physical disabilities. He is substantially limited in his ability to walk. He suffers from a C-4 spinal cord injury. He is a quadriplegic. He uses a wheelchair for mobility." Compl. ¶ 1. Defendant Marso, LLC, owned restaurant Vitality Bowls located at or about 835 Middlefield Rd, Redwood City, California, in May 2021.

Plaintiff visited Vitality Bowls in May 2021. Compl. ¶ 8. He encountered physical barriers in the form of dining surfaces that were inaccessible to persons using wheelchairs. Compl. at ¶ 10. Specifically, the outside dining surface options lacked sufficient knee and toe clearance for persons using wheelchairs. Compl. ¶ 12.

Relevant to this motion, plaintiff pleads that he "will return to the Restaurant to avail himself of its goods or services and to determine compliance with the disability access laws once it is represented to him that the Restaurant and its facilities are accessible." Compl. ¶ 20.

The complaint in this action was filed May 18, 2021. Dkt. 1. It alleges (1) a violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182(a), Compl. ¶¶ 22-28, and (2) a violation of the Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code §§ 51-53, Compl. ¶¶ 29-32. As to the ADA claim, plaintiff requests injunctive relief—the only form of relief the ADA affords private plaintiffs, Oliver v. Ralphs Grocery Co., 654 F.3d 903, 905 (9th Cir. 2011); 42 U.S.C. § 12188(a). See Compl. at p.7. Plaintiff also seeks an unspecified amount of statutory damages under the Unruh Act, Cal. Civ. Code § 52. See Compl. at p.7. Defendant did not answer the complaint, instead filing the motion now at issue. In the instant motion, defendant asks the court to dismiss the entirety of plaintiff's complaint under Rule 12(b)(1) for lack of subject matter jurisdiction.

In support of its motion, defendant submits (1) a chart showing a list of ADA lawsuits filed by plaintiff, Brian Whitaker, and (2) a copy of selected pages of the deposition of Brian Whitaker taken in the case of Whitaker v. Cohen, No. CV 20-98 MWF (MRWX), 2020 WL 4873570 (C.D. Cal. 2020), which was in turn filed and used by the court in the matter of Whitaker v. BPP East Union, LLC, Case No. 2:20-cv-06818-MWF (Ex) (C.D. Cal. 2020). See Dkt. 12-3 & 12-4. Defendant does not submit a request for judicial notice.

In support of his opposition, plaintiff submits a declaration describing his monthly travel to the Bay Area and his affinity for healthy food such as that served at Vitality Bowls. Dkt. 15-1.

**II.  DISCUSSION**

Defendant argues that the case should be dismissed for lack of subject matter jurisdiction where plaintiff lacks Article III standing to pursue his ADA claim. Defendant asserts that plaintiff lacks standing because he has not adequately alleged an intent to

2

return to the restaurant.

### A. Legal Standard

The court has an ongoing obligation to ensure that it has subject matter jurisdiction such that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). A challenge to subject matter jurisdiction may be facial or factual. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). Where the attack is factual, "the court need not presume the truthfulness of the plaintiff's allegations," and may review extrinsic evidence beyond the complaint without converting a motion to dismiss into one for summary judgment. Id. at 1039. Once the moving party has made a factual challenge by offering affidavits or other evidence to dispute the allegations in the complaint, the party opposing the motion must "present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989); see also Savage v. Glendale Union High Sch. Dist. No. 205, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003).

### B. Analysis

As the Supreme Court has construed the "case" or "controversy" requirement of Article III standing, a plaintiff must show three things in support of standing:

> First [he must have] suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of.... Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-561 (1992) (quotations and citations omitted). Because injunctive relief is the only relief available to private ADA plaintiffs, a plaintiff alleging ADA violations must establish standing to pursue injunctive relief by demonstrating "a real and immediate threat of repeated injury in the future." Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 946 (9th Cir. 2011); see also Fortyune v. Am. Multi-Cinema, Inc., 364 F.3d 1075, 1081 (9th Cir. 2004). An ADA plaintiff may establish

standing "either by demonstrating deterrence, or by demonstrating injury-in-fact coupled with an intent to return to a noncompliant facility." Chapman, 631 F.3d at 944. Assessment of constitutional standing in civil rights cases is viewed broadly, "especially where, as under the ADA, private enforcement suits 'are the primary method of obtaining compliance with the Act.'" Doran v. 7-Eleven, Inc., 524 F.3d 1034, 1039 (9th Cir. 2008) (quoting Trafficante v. Metro. Life Ins. Co., 409 U.S. 205, 209 (1972)).

Specifically considering a standing challenge questioning an ADA plaintiff's intent to return to a noncompliant facility far from home, the Ninth Circuit has found standing "where a plaintiff demonstrates an intent to return to the geographic area where the accommodation is located and a desire to visit the accommodation if it were made accessible." D'Lil v. Best W. Encina Lodge & Suites, 538 F.3d 1031, 1037 (9th Cir. 2008); see also Pickern v. Holiday Quality Foods Inc., 293 F.3d 1133, 1138 (9th Cir. 2002). In D'Lil, the appellate panel held that a Sacramento-based ADA tester demonstrated her intent to return to the Santa Barbara area based on testimony that she regularly visited the area prior to her stay at the offending hotel, including 1-3 annual visits for both business and pleasure. Id. at 1037. Further, the ADA tester demonstrated her intent to return to the defendant's hotel once it was made accessible where she declared her affinity for the hotel's location, price, and amenities. Id. at 1038. The panel additionally concluded that the plaintiff's litigation history, including over 60 ADA lawsuits, was not sufficient to impugn her credibility. Id. at 1040.

Here, defendant attacks plaintiff's standing on the premise that he insufficiently alleges his intent to return to Vitality Bowls. Whitaker lives some 360 miles away from Vitality Bowls' Redwood City location, and defendant suggests that it is both difficult and unlikely for him to return.

Whitaker describes in his declaration that he frequently travels to the Bay Area because he loves the area and is considering moving to Northern California. Dkt. 15-1 ¶¶ 3, 5. He describes his regular travel by various modes of transportation despite not driving and using a wheelchair for mobility. Dkt. 15-1 ¶ 4. Thus, despite the significant

distance between Whitaker's home and defendant's restaurant, he has alleged his intent to return to the Bay Area.  The court will assess plaintiff's credibility and sincerity on a fuller factual record.  For instance, discovery might reveal the actual infrequency of plaintiff's trips to the Bay Area.

Defendant additionally highlights that Whitaker has sued over 1400 businesses based on alleged barriers to his disability, and he pleaded in each of those lawsuits an improbable intent to return to each of those businesses.  However, courts in this circuit are specifically cautioned against relying on a plaintiff's past ADA litigation as a reason to question the sincerity of a plaintiff's intent to return to an establishment.  See D'Lil, 538 F.3d at 1040.  In D'Lil, the panel explained that "[f]or the ADA to yield its promise of equal access for the disabled, it may indeed be necessary and desirable for committed individuals to bring serial litigation advancing the time when public accommodations will be compliant with the ADA."  Id.

The court therefore finds that these allegations, when considered in the light most favorable to plaintiff, as they should be at this stage, adequately allege an intention to return to the restaurant.  See D'Lil, 538 F.3d at 1037 (finding allegations sufficient to establish standing "where a plaintiff demonstrates an intent to return to the geographic area where the accommodation is located and a desire to visit the accommodation if it were made accessible"); Doran, 524 F.3d at 1038 (finding plaintiff had standing despite living 550 miles from the 7-Eleven at issue).

### III. CONCLUSION

For the foregoing reasons, the court DENIES defendant's motion to dismiss.

**IT IS SO ORDERED.**

Dated: September 20, 2021

                                              */s/ Phyllis J. Hamilton*
                                              PHYLLIS J. HAMILTON
                                              United States District Judge